**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Heather Callis, | No. CV-26-04419-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| City of Chandler, *et al.*, | |
| Defendants. | |

Before the Court is *pro se* Plaintiff Heather Callis's Motion for Preservation Order (Doc. 3, Mot.). Plaintiff urges the Court to order that individual Defendants Amy Jacobson and Leah Powell—employees of Defendant City of Chandler—preserve their mobile device communications between April 18, 2025 and April 20, 2025. (Mot. at 2–3.) According to Plaintiff, these records are not subject to the existing litigation hold issued by the City of Chandler and are, therefore, in danger of being lost. (Mot. at 4.)

"It is well established that the duty to preserve arises when a party knows or should know that certain evidence is relevant to pending or future litigation." *Surowiec v. Cap. Title Agency, Inc.*, 790 F. Supp. 2d 997, 1005 (D. Ariz. 2011) (citation omitted). "Once a party knows that litigation is reasonably anticipated, the party owes a duty to the judicial system to ensure preservation of relevant evidence." *Id*. at 1006. This duty exists independent of a litigation hold issued by parties. Nonetheless, it is standard practice for parties to issue litigation holds either internally, as the City of Chandler did to its own

employees, or across party lines, as a plaintiff might do to preserve evidence held exclusively by a defendant or vice versa.

Based on the Plaintiff's representations made in her motion, this litigation was anticipated as early as when she filed an EEOC complaint, after which the City of Chandler issued a litigation hold to its employees. These events took place *before* the purported communications between Ms. Jacobson and Ms. Powell transpired. There is no reason to believe that Ms. Jacobson and Ms. Powell would not preserve evidence that is relevant to Plaintiff's employment even if it materialized sometime after the litigation hold was issued to them, and even if the litigation hold does not specifically spell out that evidence. Should a litigant fail in upholding their duty of preservation, the Federal Rules of Civil Procedure provide the party harmed by loss of evidence recourse. *See, e.g.*, Fed. R. Civ. P. 37. Moreover, Plaintiff is not precluded from communicating with Defendants' counsel regarding their efforts to preserve evidence or specifically requesting preservation of particular evidence she believes to be relevant, such as the post-litigation hold communications she brings to the Court's attention here. Accordingly, Plaintiff fails to show that she will be irreparably harmed absent a court-issued preservation order.[1]

**IT IS ORDERED** denying Plaintiff's Motion for Preservation Order (Doc. 3).

Dated this 1st day of July, 2026.

Honorable John J. Tuchi
United States District Judge

---

[1] Plaintiff applies the standard for a preliminary injunction to her request that requires, *inter alia*, a showing of irreparable harm. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The Court is not convinced that such a high standard is required. *See, e.g.*, Fed. R. Civ. P. 26(d); *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275 (N.D. Cal. 2002) (requiring a showing of good cause for early discovery). But even under a lower "good cause" standard, Plaintiff's motion fails for the same reasons expressed above.